**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

CIVIL ACTION NO. 16-91-DLB-EBA

NATHANIAL BROWN                  PLAINTIFF

VS.        **ORDER ADOPTING
REPORT AND RECOMMENDATION**

RYAN STACY, et al.                 DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Edward B. Atkins (Doc. # 62), wherein he recommends that the Court deny both Plaintiff's and Defendants' Motions for Summary Judgment. (Docs. # 52 and 54). Defendants having objected to the R&R (Doc. # 63), and Plaintiff having responded to those objections (Doc. # 65), the R&R is now ripe for the Court's review.

For the reasons that follow, the Court finds that the Defendants' arguments are without merit, **overrules** the objections, and **adopts** the R&R as the findings of fact and conclusions of law of the Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The events giving rise to this action occurred on September 13, 2015. (Doc. # 62 at 1). During that time, Plaintiff was an inmate at the Kentucky Department of Corrections at the Eastern Kentucky Correctional Complex ("Complex") in West Liberty, Kentucky. *Id.* The incident began when Defendant William Wells, a corrections officer, removed a food

1

tray from Plaintiff's possession.  *Id.* at 2.  A conversation ensued, during which Defendant Wells applied force to Plaintiff's arm and pinned him against a nearby structure.  *Id.*  Afterwards, Defendants Jonathon Dingus and Ryan Stacy, two other corrections officers, handcuffed Plaintiff and placed him in a "chicken wing restraint."  *Id.*

After Plaintiff was restrained, Defendants Dingus and Stacy removed him from the cafeteria, where another officer, Defendant Conner Hall placed leg restraints on him and took him to the Segregation Area.  *Id.*  Once in the Segregation Area, Plaintiff was rushed to an empty shower stall.  *Id.*  What occurred inside the shower stall is contested.  *Id.*  It is known, however, that Nurse Lewis observed bruising around Plaintiff's wrists upon her entry into the shower stall.  *Id.*  Plaintiff was then placed in a restraint chair and taken to the entrance of the Segregation Area, where he was surrounded by all Defendants, Nurse Lewis, and an unidentified female nurse.  *Id.*  While restrained in the chair, Lieutenant Kevin Dennis used scissors to remove Plaintiff's clothing—leaving only his boxer shorts.  *Id.*  Nurse Lewis noted a "deep abrasion" to the top of Plaintiff's head.  *Id.*  Plaintiff also appeared "drowsy" with "eyes red," Plaintiff's pupils were "pinpoint," and he exhibited a "sluggish" reaction to light and slurred speech.  *Id.* at 2-3.

After Plaintiff's head wound was addressed, he was taken to an observation cell, where he remained for approximately one to two hours.  *Id.* at 3.  Plaintiff was removed from the restraint chair, but stayed in the Segregation Unit, where he remained for nine days.  *Id.*  During this time, Plaintiff was denied access to additional clothes beyond his boxer shorts, soap, toothpaste, blankets, sockets, and was forced to sleep on a metal rack.  *Id.*  Plaintiff was removed from the Segregation Unit on November 25, 2015, and was moved to another institution on January 5, 2016.  *Id.*

Plaintiff initiated the instant action pursuant to 42 U.S.C. § 1983 on May 27, 2016, alleging that Defendants violated his rights under the Eighth Amendment of the United States Constitution. (Doc. # 1). On July 26, 2016, a Memorandum Opinion and Order was issued by this Court, dismissing Plaintiff's Eighth Amendment claims against Defendant Wells. (Doc. # 7). However, the Order permitted the Plaintiff to pursue his Eighth Amendment claims against Defendants Ryan Stacy, Conner Hall, Aaron Potter, and Jonathon Dingus. *Id.* Plaintiff filed a Motion for Summary Judgment on May 10, 2017 (Doc. # 52), which was referred to Magistrate Judge Atkins for the preparation of an R&R. (Doc. # 33). Later, Defendants Ryan Stacy, Johnathan Dingus, Conner Hall, and Aaron Potter filed a Motion for Summary Judgment, which was also referred to Magistrate Judge Atkins. (Doc. # 54). On December 5, 2017, Magistrate Judge Atkins issued an R&R recommending that the Court deny both the Plaintiff's and Defendants' Motions for Summary Judgment. (Doc. # 62).

Defendants filed Objections to the R&R, alleging four specific errors.[1] (Doc. # 63). First, Defendants argue that the Magistrate Judge should have considered whether Plaintiff's injuries were *de minimis* when deciding whether summary judgment was appropriate. *Id.* at 1-3. Second, Defendants argue that the Magistrate Judge improperly considered "handcuffing" in denying Defendants' Motion for Summary Judgment. *Id.* at 3. Specifically, Defendants argue that none of the allegations concerning handcuffing should be permitted to proceed because Plaintiff never alleged that he complained that his handcuffs were too tight. *Id.* Third, Defendants argue that summary judgment should have been granted in favor of Defendant Hall. (Doc. # 63 at 4). Specifically, because

---

[1] Plaintiff has not objected to the Magistrate Judge's recommendation that his Motion for Summary Judgment be denied.

3

Plaintiff could not have known Defendants' state of mind, Defendants argue that the Magistrate Judge should not have considered Plaintiff's statement in the Complaint that "[o]n the way to segregation, Stacy, Dingus, and Hall *intentionally* crashed Browns head into every door and door frame between the prison's basement A.K.A. 'Phase 1 pill call' and the segregation dorm." *Id*. Lastly, Defendants argue that because Plaintiff has not alleged any resulting injury from Defendant Wells's conduct, he should be absolved from liability. (Doc. # 63 at 5). Each objection will be addressed in turn.

## III. ANALYSIS

### A. Standards of Review

The Court reviews *de novo* portions of the R&R to which specific objections have been raised. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where no objections are raised, or the objections are vague or conclusory, the Court is not required to review under a *de novo*, or any other, standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017).

Summary judgment is appropriate when the record reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence … for a jury to return a verdict for" the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The "moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). Once a party files a properly supported motion for summary judgment, by either affirmatively negating an essential element of the non-

moving party's claim or establishing an affirmative defense, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. However, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Id*. at 252.

The Court must "accept Plaintiff's evidence as true and draw all reasonable inferences in [her] favor." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Anderson*, 477 U.S. at 255). The Court is not permitted to "make credibility determinations" or "weigh the evidence when determining whether an issue of fact remains for trial." *Id.* (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestle USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251-52). If there is a dispute over facts that might affect the outcome of the case under governing law, the entry of summary judgment is precluded. *Anderson*, 477 U.S. at 248.

As the moving parties, the Defendants must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Plaintiff's claim. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming Defendants satisfy their burden, the Plaintiff "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### B. Eighth Amendment and Excessive Force

An inmate's post-conviction excessive force claim must be raised "exclusively under the Eighth Amendment's cruel and unusual punishment clause." *Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir. 1995). In *Hudson v. McMillian*, 503 U.S. 1, 112 (1992), the Supreme Court set forth the standard for analyzing excessive force claims under the Eighth Amendment: "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.

The maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law; however, "a violation of the Eighth Amendment will nevertheless occur if the offending conduct reflects an unnecessary and wanton infliction of pain." *Pelfrey*, 43 F.3d at 1037. Factors to consider is the extent of the injury suffered by an inmate, "the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7.

### C. Defendants' Objections

Defendants' first objection questions the Magistrate Judge's reading of *Williams v. Curtin*, 635 F.3d 380, 384 (6th Cir. 2011), inasmuch as the Court considered a *de minimis* injury when evaluating a motion to dismiss for failure to state a claim. Defendants argue that a court may consider whether an injury is *de minimis* in deciding whether to grant or deny a motion for summary judgment. (Doc. # 63 at 2). Defendants assert that even if the *de minimis* injury suffered by Plaintiff alone is not enough to grant summary judgment, the nature of the injuries, combined with the minimal use of force, supports granting

6

summary judgment. *Id.*

Defendants' objection amounts to a distinction without a difference. The objective component of an Eighth Amendment claim "requires the pain inflicted to be sufficiently serious." *Williams*, 635 F.3d at 383. However, "[t]he seriousness of the injuries are not dispositive; as the Supreme Court has held, '[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are violated ... whether or not significant injury is evident." *Id.* at 383. The proper inquiry focuses on "the nature of the force rather than the extent of the injury." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010). Thus, while it may be true that a court may properly consider whether an injury is *de minimis*, the determination that an injury is *de minimis* is not dispositive of an official's liability. Instead, the critical question is whether "the actual or threatened force was *de minimis*." *Id.* Accordingly, the Magistrate Judge properly considered Plaintiff's injuries and the Defendants' use of force.

Defendants further argue that the nature of Plaintiff's injuries, combined with the officials' minimal use of force, warrants summary judgment in their favor. Defendants are mistaken. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A court "must view the evidence 'in the light most favorable to the opposing party.'" *Talon v. Cotton*, 134 S. Ct. 1861, 1866 (2014). As the Magistrate Judge explained, there remain material, factual questions concerning the nature of Plaintiff's injuries and the Defendants' use of force that precludes granting summary judgment. Defendants' first objection is **overruled**.

Next, Defendants argue that the Magistrate Judge improperly considered "handcuffing" in denying Defendants' Motion for Summary Judgment. (Doc. # 63 at 3).

7

Specifically, Defendants argue that none of the allegations concerning handcuffing should be permitted to proceed because Plaintiff never alleged that he complained that his handcuffs were too tight. *Id.* Defendants, however, improperly discount Plaintiff's allegation that the handcuffs were placed so tight that Plaintiff "squealed in pain" upon placement of the handcuffs, allegedly causing Plaintiff's wrists to be bruised for several days. (Doc. # 62 at 6).

Defendants cite to *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d. 394, 401 (6th Cir. 2009), which requires a plaintiff to offer sufficient evidence to a create a genuine issue of material fact that: (1) he or she complained the handcuffs were too tight; (2) the officer ignored those complaints; (3) and the plaintiff experienced some physical injury resulting from the handcuffing. As the Magistrate Judge found, Plaintiff has put forth sufficient evidence to create a genuine issue of fact as to all three factors. While it may be true that Plaintiff did not explicitly state that the handcuffs were too tight, the Court finds that Plaintiff's alleged squeal from the pain is sufficient to create a genuine dispute of material fact. Additionally, accepting Plaintiff's evidence as true and drawing all reasonable inferences in his favor, it is also proper to infer that the officers ignored Plaintiff's complaints because the handcuffs were not removed. Lastly, Plaintiff's evidence supports his claim that he experienced pain, given the alleged bruising on his wrists caused by the handcuffs.

Defendants' further claim that even if the Court were to find that Plaintiff's "squeal" is sufficient to satisfy the first requirement, the Defendants could not have reasonably known that their conduct would violate the Constitution (Doc. # 63 at 4) (citing *Lee v. Norwalk*, 529 F. App'x 778 (6th Cir. 2013)). Defendants' reliance upon *Lee* is misplaced

because the facts in this case are wholly distinguishable. In *Lee,* the plaintiff was handcuffed during a "short drive to the police station" and the Court concluded that this was not a sufficient amount of time for an officer to know that his conduct violated the arrestee's rights. *Id.* at 782. Here, however, Plaintiff claims—and Defendants do not dispute—that he was handcuffed, shackled at the legs, and held in the "chicken wing" position when he was forcibly taken to the Supervision Area. During that time, Plaintiff "squealed in pain," and received a head injury that required immediate medical attention and the filing of an incident report, noting that Plaintiff exhibited delayed reaction to light and had a "deep abrasion" on his head. (Doc. # 62 at 2). Thus, this case bears no factual similarity to *Lee.* Rather, this case is more akin to *Cordell v. McKinney*, 759 F.3d 573 (6th Cir. 2014), where a district court was reversed for granting a motion for summary judgment in favor of prison guards, in the presence of nearly identical facts and arguments to the case at bar. Thus, Defendants' second objection is also **overruled**.

Defendants' third objection focuses on Plaintiff's inability to prove Defendants' state of mind while transporting him from the prison's basement to the segregation dorm. (Doc. # 63 at 4). Specifically, Plaintiff alleges that Defendants *intentionally* crashed Plaintiff's head into every door and door frame between the two points. *Id.* Defendants argue that the Magistrate Judge should not have considered Plaintiff's statement because "statements 'made on belief or on information and belief cannot be utilized on a summary judgment motion.'" *Ondo v. Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015).

The law is clear that an "affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify

9

on the matters stated." Fed. R. Civ. P. 56(c)(4). When allegations "go beyond personal knowledge and extend to matters within [a person's] belief," they cannot be regarded as evidence giving rise to a genuine issue of material fact pursuant to Federal Rule of Civil Procedure 56 to defeat summary judgment. *Ondo*, 795 F.3d at 604.

However, here, the Magistrate Judge did not rely merely on Plaintiff's statement that the officers' actions were intentional in denying summary judgment. Instead, he relied on material factual discrepancies between Plaintiff's and Defendants' account of the facts, all of which support denial of summary judgment. For example, Defendants insist that Plaintiff has exaggerated his injuries and claim that the incident was an "isolated mishap." (Doc. # 63 at 5). However, Plaintiff's account of the incident is far different; Plaintiff alleges that the officers dragged him through prison hallways, while slamming his head into each and every metal and concrete door and door facing. (Doc. # 65 at 5). In short, the Magistrate Judge did not deny summary judgment merely because Plaintiff alleged that the Defendants' actions were intentional. Instead, the Magistrate Judge properly concluded that because of the vastly differing factual scenarios alleged by Plaintiff and Defendants, a clear dispute of material fact exists and, therefore, denial of summary judgment was appropriate. Therefore, Defendants' third objection is **overruled**.

In their fourth and final objection, Defendants seek dismissal of claims against Defendant Wells because Plaintiff has failed to produce evidence of an injury resulting from Defendant Wells's alleged slamming of Plaintiff into a window. (Doc. # 63 at 5). Specifically, Defendants argue that given the amount of force and the apparent lack of an injury, the claim fails under the Eighth Amendment. *Id*. However, Defendants fail to acknowledge Plaintiff's evidence that Defendant Wells was one of several officers

10

involved in the incident. Plaintiff claims that the incident began when Defendant Wells twisted his arm behind his back, slammed him into a window pane, and then the other officers handcuffed him, dropped him to the floor and picked him up in a chicken-wing fashion, and then slammed his head against the doors along the way to the segregation unit. (Doc. # 65 at 6). According to Plaintiff, Defendant Wells acted in concert with several other Defendants during the incident.

Plaintiff's evidence that Defendants' collective actions caused his injuries is sufficient, even if Plaintiff cannot prove which one of the Defendants' actions caused each specific injury. Generally, the court must examine the conduct of each individual defendant separately when determining whether each defendant violated the Eighth Amendment and whether each defendant is entitled to qualified immunity. *Cox v. Pohlman*, 2017 WL 3053622, at *9 (S.D. Ohio July 19, 2017). Here, however, the evidence indicates that Defendants acted in concert with one another. *Id.* Thus, the Court finds that a "reasonable jury could find under these facts that if excessive force was used against [Plaintiff], [all] Defendants engaged in excessive force." *Id.* Therefore, Defendants' fifth objection is overruled.

IV. **CONCLUSION**

Accordingly, for the reasons stated herein, the Court agrees with Magistrate Judge Atkins's thorough analysis and concludes that denial of summary judgment was appropriate. As a result, **IT IS ORDERED** as follows:

(1) Defendant's Objections (Doc. # 63) to the Magistrate Judge's Report and Recommendation (Doc. # 62) are **overruled**. The Magistrate Judge's Report and Recommendation (Doc. # 62) is **adopted** as the findings of fact and conclusions of law

11

of the Court;

(2) Plaintiff's and Defendants' Motions for Summary Judgment (Docs. # 52 and 54) are **denied**; and

(3) This matter is scheduled for a **Telephone Conference** on **Thursday, February 22, 2018 at 10:00 a.m.** Counsel s**hall dial in** to this conference call **five (5) minutes before the scheduled time** by following these steps:

\* Call AT&T Teleconferencing at 1-877-336-1839; and

\* Enter access code 8854898.

This 2nd day of February, 2018.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\London\2016\16-91 Order Adopting R&R.docx