UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-91-DLB-EBA

NATHANIAL BROWN                                                                             PLAINTIFF

VS.                      **MEMORANDUM OPINION AND ORDER**

RYAN STACY, et al.                                                         DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the Court upon Defendants' Second Motion for Summary Judgment, arguing that they are entitled to judgment as a matter of law because Plaintiff Nathanial Brown failed to exhaust his administrative remedies. (Doc. # 71). Specifically, Defendants claim that because Plaintiff failed to file his grievances within the five-day deadline, Plaintiff's grievances were properly denied as untimely and this action is barred under the Prisoner Litigation Reform Act ("PLRA") for failure to properly exhaust administrative remedies. *Id.* at 2. Plaintiff having responded to Defendants' Motion (Doc. # 72), and Defendants having filed their reply (Doc. # 73), the Motion is ripe for review. For the reasons set forth below, the Motion is **granted**.[1]

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any

---

[1] The factual and procedural background surrounding this action contained in the Court's previous Order Adopting the Report and Recommendation of Magistrate Judge Atkins (Doc. # 69) is hereby incorporated by reference into this Memorandum Opinion and Order.

1

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of "showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). Once the moving party has met its burden, the nonmoving party must cite to evidence in the record upon which "a reasonable jury could return a verdict" in its favor; a mere "scintilla of evidence" will not do. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986). At the summary-judgment stage, a court "views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008).

**B.    Compliance with the grievance policy was not unavailable to Plaintiff.**

The PLRA requires that a prisoner exhaust his administrative remedies before filing suit in the district court. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Specifically, it states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* (citing 42 U.S.C. § 1997e(a) (2004)). The prisoner has the burden of proving that a grievance has been fully exhausted. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). Exhaustion of administrative remedies under the PLRA is not jurisdictional; it is mandatory, even if proceeding through the prison administrative system would be futile. *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). In the event that a prisoner has failed to exhaust his administrative remedies, the complaint must be dismissed. *Jones Bey*, 407 F.3d at 806.

For a prisoner to properly exhaust his administrative remedies, he must strictly comply with the facility's deadlines and other procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-1 (2006). Strict compliance is necessary because "a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time, and then when the "prison rejects the grievance as untimely, the prisoner [could] proceed directly to federal court." *Id.* at 91. Of particular relevance here, "an untimely or otherwise improper grievance, even though appealed through all steps of a grievance procedure, does not fulfill the PLRA exhaustion requirement." *Id.*

In this respect, Plaintiff has failed to fulfill the PLRA's exhaustion requirement because he was required to file "[a] grievance about a personal and specific incident … within five (5) business days after the incident occur[ed]," but he did not file his grievance until nearly a month after the incident. (Doc. # 71-1 at 3).

To comply with the PLRA, however, a prisoner need exhaust only "available" administrative remedies. *Ross v. Blake*, 136 S. Ct. 1850 (2016). That is, an inmate must exhaust *available* remedies, but failure to exhaust *unavailable* remedies will not bar his claim. For purposes of the PLRA, "available" means "'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* at 1859. Thus, before the Court can conclude that Plaintiff's claim is barred under the PLRA for failure to exhaust, the Court must consider whether the grievance procedure was truly *available* to Plaintiff during the nine-day period in which he was placed in segregation.

3

The Plaintiff urges the Court to find that he lacked an *available* administrative remedy, thereby excusing his obligation to exhaust. (Doc. # 72). Plaintiff's argument is two-fold. First, he argues that because he was on a 15-minute watch and was denied access to pen and paper, the grievance procedure was made unavailable to him. *Id.* at 4. Second, he argues that because he was not made aware of any additional avenues to timely file his grievances, the grievance procedure was made unavailable to him by the Defendants and prison officials. *Id.*

Defendants present a compelling argument to refute Plaintiff's notion that the grievance procedure was unavailable to him. In essence, Defendants argue that Plaintiff's segregation did not prohibit him from filing a grievance. (Doc. # 71-1 at 5). Defendants point to two avenues that were available to Plaintiff, despite being held on a 15-minute watch. First, Plaintiff could have contacted the prison's Grievance Coordinator who would have written and filed the grievance on the Plaintiff's behalf.[2] *Id.* Second, Plaintiff could have orally requested to file a motion for extension of time to file a grievance or request.[3] *Id.* at 7.

The Court agrees with the Defendants. The Sixth Circuit "requires an inmate to make affirmative efforts to comply with the administrative procedures" and the Court is left to analyze "whether those efforts to exhaust were sufficient under the circumstances." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011). Here, Plaintiff has not alleged that he took any affirmative steps to file his grievances. Instead, Plaintiff has merely alleged

---

[2] Under the prison's grievance policy, the Grievance Coordinator has a duty to "[m]onitor operation of the grievance process," and "[e]nsure compliance with established time limits throughout the process." (Doc. # 71-1 at 6).
[3] Furthermore, the prison's grievance policy also provides that "[a]n inmate may request that his time limit be extended by the Grievance Coordinator for just cause." *Id.* at 7.

4

that he was unable to file the grievances because he did not have access to pen and paper and was unaware of any additional avenues to file the grievances. Under the circumstances, the Court finds that Plaintiff's efforts to exhaust were insufficient.

The prison's grievance procedure provided two avenues that Plaintiff failed to pursue. While it is undisputed that the grievance policy did not explicitly provide procedures tailored to Plaintiff's particular scenario, the policy provided two additional avenues that would have allowed Plaintiff to file his timely grievances. The Sixth Circuit has held that this type of grievance policy is sufficient, finding that "a jail's grievance policy need not explicitly provide for all possible scenarios in which a prisoner may seek to file a grievance." *Napier v. Laurel Cty.,* 636 F.3d 218, 223 (6th Cir. 2011). Instead, when a reasonable policy is in place, but is silent or vague in a particular circumstance, court must looks to see whether the prisoner has attempted to satisfy the requirements of the policy." *Id*. Plaintiff's attempts to comply with the policy were insufficient. Furthermore, Plaintiff's argument that the avenues were unavailable to him because he was not made aware of them is similarly lacking. Ignorance of a prison grievance policy does not excuse compliance with it. *Id.* at 222 n.2. Therefore, Plaintiff failed to exhaust his administrative remedies, as required by the PLRA, and his claims must be dismissed.

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that:

(1) Defendants' Second Motion for Summary Judgment (Doc. # 71) is hereby **granted**;

(2) This action is **dismissed** and **stricken** from the Court's active docket; and

5

(3) A Judgment in favor of Defendants shall be filed contemporaneously herewith.

This 28th day of March, 2018.



K:\DATA\ORDERS\London\2016\16-91 Order Granting MSJ.docx